UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22444-RAR

**PETER A. GATLYN**,

    Plaintiff,

v.

**SENIOR CHAPLAIN JOHN DOE**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO QUASH SERVICE OR DISMISS**

**THIS CAUSE** comes before the Court on Defendant, Senior Chaplain John Doe's Motion to Quash Service or, in the Alternative, to Dismiss ("Motion"), [ECF No. 23]. Plaintiff, Peter A. Gatlyn, filed a Response to Defendant John Doe's Motion ("Response"), [ECF No. 27], and Defendant filed a Reply to Plaintiff's Response ("Reply"), [ECF No. 28]. After careful review of the Complaint, the parties' arguments, and applicable law, the Motion is **GRANTED** in part and **DENIED** in part. Plaintiff's official capacity claims and requests for injunctive and declaratory relief are **DISMISSED without prejudice**. As for Plaintiff's individual capacity claims, the Court finds good cause to **EXTEND** the time for Plaintiff to serve Defendant's personal representative with the summons and an amended complaint.

**BACKGROUND**

**A. The Complaint's Allegations**

Plaintiff is a practicing Orthodox Jew who eats kosher meals and follows the Torah's halachic guidelines. *See* Complaint, [ECF No. 1], ¶ 29. While serving a state-court sentence, Plaintiff was transferred to the South Florida Reception Center ("SFRC") of the Florida Department of Corrections ("FDOC"). *Id.* ¶ 12. Between October 4, 2023, and December 15,

2023, Plaintiff requested participation in FDOC's "Religious Dietary Program," but never heard back until December 27, 2023, when he met Defendant, Senior Chaplain John Doe. *Id.* ¶ 13–14.

After Defendant had Plaintiff complete an application to enter the program, Defendant allegedly "disapproved [Plaintiff] for the . . . diet without any explanation as to why he'd made this decision." *Id.* ¶ 15. Plaintiff filed and appealed grievances with little luck, eventually learning from an FDOC employee that Plaintiff's application was denied because it "revealed that [Plaintiff was] unable to describe the diet that is part of [his] religious observation, such as permitted or restricted foods and preparation methods." Response to Grievance, [ECF No. 1-1] at 11.

On June 18, 2024, Plaintiff brought this civil-rights action under 42 U.S.C. § 1983 against Defendant in both his individual and official capacities. Plaintiff claims that Defendant unlawfully denied him a kosher diet "in accordance with his sincerely held beliefs," which deprived Plaintiff of "the right to freely exercise his religious beliefs." *Id.* ¶ 33. Plaintiff's allegations, which survived screening under 28 U.S.C. § 1915A, were brought under federal and Florida constitutional law, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Florida's Religious Freedom Restoration Act ("FRFRA"). *Id.* On June 28, 2024, the Court allowed only these claims to proceed to service. *See* Order, [ECF No. 5]. As for relief, Plaintiff seeks (1) a declaration that Defendant's conduct was unlawful, (2) compensatory and punitive damages, and (3) an injunction ordering Plaintiff's addition to the Religious Dietary Program. *See* Compl. at 8.

Since filing the Complaint, Plaintiff has left SFRC. *See* Notices of Change of Address, [ECF Nos. 4, 17]. The Court's case management database reflects that Plaintiff's present address is Dade Correctional Institution, located at 19000 SW 377th Street, Florida City, Florida 33034.

### B. Service of Process

On June 28, 2024, the Court ordered the United States Marshal's Service to perform

personal service on Senior Chaplain John Doe at the South Florida Reception Center, located at 14000 NW 41st Street, Doral, Florida, 33178. *See generally* Order Directing Service, [ECF No. 9]. When a deputy attempted service on July 9, 2024, Defendant refused to accept service on the ground that the named Defendant, labeled as "John Doe," was not properly identified. *See* Affidavit of Unexecuted Service, [ECF No. 11] at 1.

On July 16, 2024, the Court once again ordered the U.S. Marshal's Service to serve Senior Chaplain John Doe at the same address, noting that Plaintiff had "sufficiently identified the Defendant for service." Order Redirecting Service, [ECF No. 12] at 1 (cleaned up). On July 24, 2024, a deputy served "[H]ead Chaplain Oscar Torrens," who accepted a copy of the Complaint and the summons. Affidavit of Service, [ECF No. 15] at 1.

### C. Plaintiff's Motion for Preliminary Injunction

On July 30, 2024, Plaintiff moved for a preliminary injunction "ordering the Defendant and/or the Florida Department of Corrections to place the Plaintiff's name on the Religious Dietary Program . . . list and provide Plaintiff with the [Religious Dietary Program] diet for breakfast, lunch and dinner while this case is pending." Motion for Preliminary Injunction, [ECF No. 16] at 1. That motion sought virtually the same relief requested in the Complaint; thus, on August 9, 2024, Defendant moved to "stay the proceedings as to Plaintiff's Motion[] for Preliminary Injunction pending resolution of his soon-to-be-filed motion to dismiss." Motion to Stay Proceedings, [ECF No. 18] at 2. Defendant also requested an extension of time to respond to Plaintiff's Complaint, *see* Expedited Motion, [ECF No. 19]. The Court granted both of Defendant's motions. *See* Paperless Order, [ECF No. 20].

### D. Death of Chaplain Bruce Klaiber

On August 20, 2024, Defendant filed a Suggestion of Death, notifying the Court of the death of Chaplain Bruce Klaiber—the Senior Chaplain at the SFRC who denied Plaintiff's request

Page 3 of 16

to be placed on the Religious Dietary Program diet. *See* Suggestion of Death, [ECF No. 22] at 1 n.1. "[O]n information and belief," Defendant stated, "Chaplain Bruce Klaiber passed away on February 12, 2024[.]" *Id.* at 1.

### E. Motion to Dismiss Arguments

Defendant filed a Motion to Quash Service or Dismiss on August 22, 2024. *See* Motion, [ECF No. 23]. In relevant part, Defendant argues that the Senior Chaplain John Doe became incompetent upon Chaplain Klaiber's death in February 2024 and could not be properly served with process. *See* Motion at 4. Defendant also maintains that substituted service on Chaplain Oscar Torrens was insufficient,[1] and substitution of parties is inappropriate because the action was instituted against a deceased person and is, thus, a nullity. *See id.* Further, Defendant raises a sovereign immunity defense under Florida law, *see id.* at 7, and he argues the injunctive and declaratory relief sought was moot upon Plaintiff's transfer from the SFDC.[2] *See id.* at 8.

Plaintiff responded on September 23, 2024. *See* Resp., [ECF No. 27]. Plaintiff avers that Chaplain Torrens is the "Head Chaplin [sic], and having authority over the Senior Chaplin [sic], he was well within his powers as the boss . . . to accept service," *id.* at 8; therefore, he says, Torrens' voluntary "acceptance of substitute[d] service is binding." *Id.* Plaintiff also acknowledges the death of Chaplain Bruce Klaiber. *See id.* He stresses, however, that "he should not be barred from recovering . . . damages, as [Defendant's] estate, if there is an estate, is still liable for his action and/or the Defendant's successor or personal representative of his estate." *Id.* at 9. Plaintiff says he has not filed a motion for substitution of parties under Federal Rule of Civil Procedure 25

---

[1] Defendant says that "[t]he deputy who effected service failed to note that Chaplain Torrens was accepting on behalf of the Defendant, who passed away on February 12, 2024." Mot. at 3. But Defendant did not raise this issue as a to-be-expected ground for dismissal in his Expedited Motion to Stay Proceedings. *See generally* Expedited Motion, [ECF No. 18].

[2] Because the Court finds sufficient grounds on which to rule, it will not address Defendant's arguments of exhaustion and qualified immunity. *See* Mot. at 6, 8.

because "defense counsel has not . . . disclose[d] who the decedent's representative or successor is[.]" *Id.* at 10. Plaintiff admits that his "request for a preliminary injunction is now moot," but "only because he is finally receiving the [Religious Dietary Program] diet." *Id.* at 14. He contends that his transfer to another institution does not moot his claim for declaratory relief. *See id.* Lastly, Plaintiff disputes Defendant's state-law sovereign immunity defense. *Id.* at 11.

In reply, Defendant's positions remain unchanged in most respects. He challenges Torrens' acceptance of service and argues Plaintiff's substituted service arguments rely on inapposite caselaw. *See* Reply, [ECF No. 28] at 1–2. Defendant also incorporates by reference his stance that substitution of parties is improper; alternatively, he argues that the ninety-day period in which Plaintiff can substitute a party began running on August 20, 2024—the filing of the Suggestion of Death in this case. *See id.* at 2. Defendant mentions that "no estate has been filed at the time of Defendant's motion[,] nor has an estate been filed in his name as of this filing." *Id.* For this reason, Defendant posits that Chaplain Klaiber's survivors (unless they represent Klaiber's estate) are nonparties under Rule 25 and did not need to be served with a suggestion of death. *See id.*

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 4(m)

When a defendant is not served, "a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The Federal Rules of Civil Procedure require service of the summons and complaint to be perfected upon a defendant within ninety days after the filing of the complaint. *See* FED. R. CIV. P. 4(m). "[W]here service is insufficient, courts generally quash the service and give the plaintiff an opportunity to re-serve the defendant." *Cooper v. City of Starke, Fla.*, No. 10-CV-280, 2011 WL 2531192, at *2 (M.D. Fla. June 24, 2011). Ultimately, if a plaintiff fails to

serve a defendant within ninety days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time." *Id.*

However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  A plaintiff showing good cause for his delay in effecting service must show he "(1) proceeded in good faith; (2) has a reasonable basis for noncompliance; and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009).  In cases where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit has held: "[A]s long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Gordon v. Carter*, No. 15-CV-396, 2020 WL 716743, at *2 (N.D. Fla. Jan. 16, 2020), *report and recommendation adopted*, No. 15-CV-396, 2020 WL 707127 (N.D. Fla. Feb. 12, 2020) (citing *Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010)).

## II. Subject Matter Jurisdiction

Generally, a court's review on a motion to dismiss is limited "to those arguments the parties have expressly advanced." *Jurich v. Compass Marine, Inc.*, 906 F. Supp. 2d 1225, 1228 (S.D. Ala. 2012) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)).  However, "[i]t is incumbent on a court of the United States, whether trial or appellate, to dismiss an action whenever it appears that subject matter jurisdiction is lacking, and the court must do so *sua sponte* if the parties have not brought the issue to the attention of the court." *Lost Mountain Homeowners Ass'n v. Rice*, 248 F. App'x 114, 115 n.1 (11th Cir. 2007) (cleaned up).

This is because federal courts are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been

Page **6** of **16**

entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. *Id.* at 410.

## ANALYSIS

Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief, and he sues Defendant Senior Chaplain John Doe in both his individual and official capacities. Due to this case's unique procedural history, Plaintiff's various claims now present issues of mootness, subject matter jurisdiction, and service of process. The Court isolates each claim and analyzes them below.

### I. The Court Dismisses Plaintiff's Requests for Injunctive and Declaratory Relief.

The parties accept that Plaintiff's requests for injunctive relief are moot. *See* Mot. at 8 ("When Plaintiff was transferred, first to Charlotte Correctional Institution and then to Wakula [sic] Correctional Institution, his claims for injunctive and declaratory relief became moot as a matter of law."); Resp. at 14 ("Plaintiff's request for a preliminary injunction is now moot only because he is finally receiving the [Religious Dietary Program] diet.").

The Court agrees with Defendant, however, that the law is clear Plaintiff's transfer from SFRC mooted his requests for *both* injunctive *and* declaratory relief. *See, e.g.*, *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011) ("[A] transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."). Accordingly, the Court will **DISMISS without prejudice** Plaintiff's requests for injunctive and declaratory relief. Since Plaintiff's Motion for Preliminary Injunction, [ECF No. 16], seeks virtually the same injunctive relief as the Complaint, that motion is **DENIED as moot**.

## II. The Court Dismisses Plaintiff's Official Capacity Claims.

The Court is left with Plaintiff's claims for compensatory and punitive damages against the Defendant in his official and individual capacities. An official capacity suit "is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (cleaned up). Courts appear to disagree on "whether service of process in official-capacity suits is governed by Rule 4(j)(2), which governs service upon the state, or Rule 4(e), which governs service upon an individual." *Felton v. Winter Park Police Dep't*, No. 22-CV-898, 2022 WL 8216907, at *3 n.3 (M.D. Fla. Aug. 2, 2022) (citing cases). The Court need not resolve this issue; Plaintiff's official capacity claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[3]

It is well-established that the doctrine of sovereign immunity prevents a plaintiff from receiving monetary damages from the State; therefore, in an official capacity suit, the plaintiff can only receive injunctive relief and cannot collect money damages from a defendant sued in their official capacity. *See Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1579 (11th Cir. 1994) ("Because the Eleventh Amendment bars from federal court an action seeking money damages from a state, a damages suit against state officials or employees in their official capacities, as that term is defined in the federal decisions, is also barred.").

Here, the Defendant Senior Chaplain John Doe is an employee of the Florida Department of Corrections. *See* Mot. at 7. The FDOC is "immune from suit for monetary damages unless the State of Florida waived immunity or it was abrogated by Congress." *Schloper v. Bliss*, 903 F.2d

---

[3] The Court's rulings on Plaintiff's official capacity claims flow from Defendant's sovereign immunity defense. *See* Mot. at 7. To the extent the Court's analysis exceeds the scope of the parties' arguments, it falls appropriately within the Court's authority to determine its subject matter jurisdiction. *See Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 n.3 (11th Cir. 1995) ("If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim."); *S&M Brands, Inc. v. Georgia*, 925 F.3d 1198, 1204 (11th Cir. 2019) ("State sovereign immunity limits federal court jurisdiction." (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996))).

1373, 1379 (11th Cir. 1990).  Plaintiff bears the burden of "establish[ing] a waiver of sovereign immunity."  *Gilberti v. Padar*, No. 23-CV-609, 2023 WL 9547875, at *3 (M.D. Fla. Dec. 6, 2023) (citing *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (2007)).

### A.  42 U.S.C. § 1983

Congress did not abrogate a state's Eleventh Amendment sovereign immunity in 42 U.S.C. § 1983 actions, and "Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages."  *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986); *see also Inmon v. Gilmore*, No. 19-CV-550, 2021 WL 4159558, at *3 (N.D. Fla. Aug. 16, 2021), *report and recommendation adopted*, 2021 WL 4150432 (N.D. Fla. Sept. 13, 2021) ("In this case, a suit against Defendants—who are [FDOC] employees—in their official capacities is a suit against the [FDOC].  The [FDOC], a state agency, is 'clearly the equivalent of the State of Florida for Eleventh Amendment purposes.'" (quoting *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996))).  Accordingly, Plaintiff's official-capacity constitutional claims under 42 U.S.C. § 1983 are **DISMISSED**.

### B.  Religious Land Use and Institutionalized Persons Act ("RLUIPA")

Under RLUIPA, official capacity suits for money damages are barred by the sovereign immunity doctrine.  *See Sossamon*, 563 U.S. at 293 ("States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA[.]"); *see also Muhammad v. Davis*, No. 10-CV-705, 2013 WL 764761, at *3 (M.D. Fla. Feb. 28, 2013) ("To the extent the Defendants are sued in their official capacities, RLUIPA 'does not allow damage claims against state officials sued in their official capacity.'" (quoting *Scott v. Brown*, No. 11-CV-2514, 2012 WL 1080363, at *3 (N.D. Ga. Jan. 31, 2012))).  Thus, Plaintiff's official capacity claim under RLUIPA is **DISMISSED**.

### C. Florida Religious Freedom and Restoration Act ("FRFRA")

The law is clear that, "absent an express waiver by the state, the Eleventh Amendment bars state law claims against a state in federal court." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984)). Plaintiff has failed to plead, or otherwise respond to Defendant's immunity arguments, as to whether Florida expressly waived its Eleventh Amendment immunity from suit in federal court under the FRFRA. *See generally* Compl.; Resp. And, the FRFRA contains no such waiver. *See* §§ 761.01 *et seq.*, Fla. Stat. Thus, Plaintiff's official capacity claim under the FRFRA is **DISMISSED**. *See Gray v. Kohl*, No. 07-10024-Civ, 2007 WL 3520119, at *6 (S.D. Fla. Nov. 14, 2007) ("Plaintiff does not respond to this argument nor demonstrate that the State has consented to suit under the FRFRA in federal court. Therefore, dismissal of the FRFRA claim against the State Attorney is appropriate.").

### III. The Court Extends Time to Serve Process for Plaintiff's Individual Capacity Claims.

What remains are Plaintiff's individual capacity claims for damages under all three statutes.[4] For the reasons below, service of process on Chaplain Oscar Torrens was improper. Plaintiff must file an amended complaint to cure Defendant's lack of capacity—but the Court finds good cause to extend Plaintiff's time to serve the proper party.

### A. Service of Process was Improper.

The obvious problem here is that the individual Defendant, revealed as—now deceased—

---

[4] Defendant avers that he is immune from suit under Florida law, but it's the Eleventh Amendment that governs immunity under 42 U.S.C. § 1983. *See Hufford v. Rodgers*, 912 F.2d 1338, 1341 (11th Cir. 1990). And "state officials sued in their individual capacities for employment-related acts are not protected by the Eleventh Amendment." *Micklas v. Phillips*, 522 F. App'x 616, 618 (11th Cir. 2013). As for Plaintiff's other individual capacity claims, the parties have not briefed whether recovering any kind of damages is appropriate under the RLUIPA and the FRFRA. At this stage, the Court makes no judgment either way but will not disturb Plaintiff seeking damages under those statutes if he re-attempts service of process.

Senior Chaplain Bruce Klaiber, lacks the capacity to be sued. A defendant's capacity is governed by Federal Rule of Civil Procedure 17(b), which reads that "the law of the individual's domicile" determines the capacity of an individual "who is not acting in a representative capacity[.]" FED. R. CIV. P. 17(b)(1). For "all other parties," (aside from corporations), capacity is defined "by the law of the state where the court is located[.]" *Id.* 17(b)(3).

In Florida, "[a] decedent lacks the capacity to be sued." *United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1360 (M.D. Fla. 2018) (citing *Xtra Super Food Ctr. v. Carmona*, 516 So. 2d 300, 301 (Fla. 1st DCA 1987)). His estate itself is not the right party; rather, "the personal representative of the estate must be served in her representative capacity to subject the estate to the jurisdiction of the court." *Garcia v. Diamond Marine Ltd.*, No. 13-23166-Civ, 2013 WL 6086916, at *1 (S.D. Fla. Nov. 18, 2023). Therefore, the proper party to be served with the summons and the Complaint is the personal representative of Chaplain Bruce Klaiber.

"Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (citation omitted). Plaintiff's agency arguments in favor of substituted service are misplaced; nobody suggests that Chaplain Oscar Torrens was authorized to accept service of process on behalf of Klaiber's *estate*. Because service on Chaplain Oscar Torrens was improper, the Court will **QUASH** service of process, [ECF No. 15], on Defendant Senior Chaplain John Doe.

### B. *The Court Will Not Substitute Parties.*

The Court must now answer whether it can substitute the decedent's personal representative as Defendant in this case. Federal Rule of Civil Procedure 25 allows for substitution of parties upon the death of a litigant. That rule reads, in pertinent part, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." FED. R.

CIV. P. 25(a)(1). Under these circumstances, the Court agrees with Defendant that substitution of parties is inappropriate.

The Fifth Circuit has addressed the substitution of a party who dies before the lawsuit commences as follows:

> Appellants moved to substitute the heirs of Peter R. Buras as parties defendant. Rule 25(a)(1) . . . allows substitution for a deceased party where the claim is not extinguished by his death. However, as the district court noted, the rule contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in the present case since Buras predeceased the filing of the action.

*Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969);[5] *accord Andrews v. Lakeshore Rehabilitation Hospital*, 140 F.3d 1405, 1407 (11th Cir. 1998) ("Rule 25(c) applies only to transfers of interest occurring during the pendency of the litigation and not to those occurring before the litigation begins."); *Garcia*, 2013 WL 6086916, at *2 ("At the time of his death, Lo Curto was not a party to this lawsuit. Thus, Rule 25(a)(1) is not applicable." (citing FED. R. CIV. P. 25(a)(1))). As Chaplain Bruce Klaiber died long before Plaintiff filed the Complaint, Rule 25 does not apply in this case.

### C. Plaintiff Has Shown Good Cause.

Nevertheless, this action is not a nullity, as "a complaint filed against a deceased individual is capable of amendment to cure that defendant's lack of capacity." *Estate of Schoenfeld*, 344 F. Supp. at 1363–64, *see also id.* at 1361 (citing federal courts that "agree that such an action is not a legal nullity and can be cured by amendment"). And "basic fairness" will not bar joinder of a proper party when an improper party is dismissed. *Garcia*, 2013 WL 6086916, at *2. So, the Court will allow Plaintiff to amend his Complaint to name the proper defendant.

---

[5] The Eleventh Circuit has adopted the caselaw of the former Fifth Circuit as its governing body of precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209–11 (11th Cir. 1981) (en banc).

Moving on, the Court will construe Plaintiff's argument in favor of substitution of parties as one seeking to extend time to serve the decedent's personal representative. *See Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011) ("We construe *pro se* filings liberally to afford review on any legally justifiable base." (cleaned up)). Since more than ninety days have passed from the day Plaintiff filed the Complaint, he must demonstrate good cause to extend time to correct defective service. *See* FED. R. CIV. P. 4(m).

The Court finds that Plaintiff has proceeded in good faith and is not at fault for noncompliance with Rule 4(m). *See Durgin*, 659 F. Supp. at 1258. Plaintiff recites the procedural history here, including his proper identification of Defendant as "[t]he Senior Chaplin [sic] who worked at SFRC on December 27, 2023," yet resulting in one failed attempt at service by a deputy marshal. Resp. at 7 (citing Compl. ¶ 14). Indeed, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Allen v. Carey*, 626 F. App'x 852, 853 (11th Cir. 2015). The docket also reflects several delays that are unattributable to Plaintiff, including a twenty-seven-day delay between service of process and the notice of Chaplain Bruce Klaiber's death. *Compare* Affidavit of Service, [ECF No. 15], *with* Suggestion of Death, [ECF No. 22]. Therefore, good cause exists to extend the time to serve the summons and the Complaint.

Plaintiff suggests that Defendant's counsel is responsible for disclosing the proper party to be sued. It is true that "[u]nder Rule 25, the party serving the suggestion of death must look to state law, identify the decedent's representative or successor, and notify that party of the death and the lawsuit." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022). As the Court

has already held, however, Rule 25 has no effect here.[6] In any event, Defendant contends that no estate has been filed in Chaplain Bruce Klaiber's name. So, if Plaintiff seeks to re-attempt service of process on Defendant's personal representative, not only must he amend the Complaint, but he now bears the responsibility of locating the name and address of said individual.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendant, Senior Chaplain John Doe's Motion to Quash Service or, in the Alternative, to Dismiss, [ECF No. 23], is **GRANTED in part** and **DENIED in part**.

2. Service of process on Defendant Senior Chaplain John Doe, [ECF No. 15], is **QUASHED**. Defendant Senior Chaplain John Doe is **TERMINATED** as a party to this action.

3. Plaintiff, Peter A. Gatlyn's, Motion for Preliminary Injunction, [ECF No. 16], is **DENIED as moot**.

4. Plaintiff's requests for injunctive and declaratory relief are **DISMISSED without prejudice as moot**. Plaintiff's official capacity claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

5. As to Plaintiff's individual capacity claims for damages, the Court **EXTENDS** time to serve the summons and the Complaint on Defendant's personal representative to **November 18, 2024**.

6. If the Plaintiff decides to re-attempt service of process, he must first file an Amended Complaint with the Court that identifies the proper defendant on or before **November**

---

[6] And, if Chaplain Oscar Torrens has ever appeared on his own behalf, or on behalf of FDOC, all claims against his agency have otherwise been dismissed, and he is not a party to this action. So, neither Torrens, nor his employer, is obligated to keep Plaintiff apprised of the status of Chaplain Bruce Klaiber's estate.

**18, 2024**. The Amended Complaint **may not exceed twenty (20) pages** in length. Plaintiff should make every effort to keep his allegations within the four corners of the complaint form and to keep attached additional pages at a minimum to better adhere to the page limitations set by this Order. If applicable, the Amended Complaint must contain a separate paragraph explaining what the Defendant did and the supporting facts to show why that person is being sued.

7. The Amended Complaint must be docketed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. The Court will only consider claims raised in the Amended Complaint, and the Amended Complaint will be the operative document for the remainder of this action. Plaintiff cannot incorporate-by-reference prior claims.

8. Upon Plaintiff's request, the Court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. *See* FED. R. CIV. P. 4(c)(3). Plaintiff must provide sufficient information for the U.S. Marshal's Service to identify and locate the proper defendant to effect service of process.

9. Plaintiff's failure to serve the proper defendant by the deadline shall result in dismissal of his case. *See* FED. R. CIV. P. 4(m). Likewise, Plaintiff's failure to file an Amended Complaint and comply with this Order will also result in dismissal of his case for failure to prosecute or failure to comply with court orders. *See id.* 41(b).

10. This case shall remain **administratively closed** pending compliance with this Order.

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Peter A. Gatlyn
L74214
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE